1

**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN 249203)
ak@kazlg.com
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
Nicholas R. Barthel, Esq. (SBN: 319105)
nicholas@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

[Additional Counsel On Signature Page]

*Attorneys for Plaintiff,*
*Peter Albrecht*

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

2
3
4
5
6
7
8
9
10
11
12

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| PETER ALBRECHT, Individually And On Behalf of All Others Similarly Situated,<br><br>            Plaintiff,<br>  v.<br><br>NATIONAL BANCORP HOLDINGS, INC. d/b/a THE FEDERAL SAVINGS BANK,<br><br>            Defendant. | Case No.:<br><br>**CLASS ACTION**<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *ET SEQ*.**<br><br>**JURY TRIAL DEMANDED** |

Case #

*Albrecht v. Federal Savings Bank*

**CLASS ACTION COMPLAINT**

1

**INTRODUCTION**

2
3
4
5
6
7
8
9

1. PETER ALBRECHT ("Plaintiff" or "Mr. Albrecht") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of defendant NATIONAL BANCORP HOLDINGS, INC. d/b/a THE FEDERAL SAVINGS BANK, ("Defendant" or "Federal Savings Bank"), in negligently and/or willfully contacting Plaintiff on Plaintiff's landline telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, ("TCPA"), thereby invading Plaintiff's privacy.

10
11
12

2. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

13

**JURISDICTION AND VENUE**

14
15

3. This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. § 227(b).

16
17
18
19
20

4. Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred within this district, as Plaintiff received several allegedly unlawful calls while residing in the County of Orange within the State of California.

21
22
23
24
25

5. Defendant is subject to personal jurisdiction in the County of Orange, State of California, as Defendant regularly conducts business throughout the State of California; and Defendant purposefully availed itself to California by placing several calls to Plaintiff, who has a California area code assigned to the residential telephone line called by Defendant or its agents.

26

**PARTIES**

27
28

6. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of California. Plaintiff is, and at all times mentioned herein was, a

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

Case #                              **1 of 10**                    *Albrecht v. Federal Savings Bank*
                              **CLASS ACTION COMPLAINT**

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

1 "person," as defined by 47 U.S.C. § 153(39).

2 7. Plaintiff is informed and believes, and thereon alleges, that Defendant is a
3 corporation whose corporate headquarters is in Illinois, and is incorporated
4 within Delaware.

5 8. Defendant, is and at all times mentioned herein were a "person," as defined
6 by 47 U.S.C. § 153(39).

7 9. Plaintiff alleges that at all times relevant herein Defendant conducted
8 business in the State of California and in the County of Orange, and within
9 this judicial district.

10 ## FACTUAL ALLEGATIONS

11 10. Mr. Albrecht has never had any business relationship with Defendant.

12 11. Mr. Albrecht's landline telephone number ending "8750" was added to the
13 National Do-Not-Call Registry on or about June 29, 2003.

14 12. On or about March 13, 2019 at approximately 10:48 AM, Plaintiff received
15 a call on his landline telephone number ending "8750" from the telephone
16 number (619) 312-4785.

17 13. Plaintiff did not recognize the telephone number and therefore did not
18 answer the call.

19 14. On or about March 14, 2019 at approximately 9:14 AM, Plaintiff received
20 another call on the same phone number from the telephone number (619)
21 312-4785. Again, as Plaintiff did not recognize the telephone number, he
22 did not answer.

23 15. On or about March 15, 2019 at approximately 9:48 AM, Plaintiff received
24 another call on the same phone number from the telephone number (619)
25 312-4785. Frustrated at having receiving repeated calls from that telephone
26 number, Plaintiff answered the call.

27 16. Plaintiff was greeted with a prerecorded voice stating:

28

You have reached the program assistance department. You have called us when all operators are currently assisting other people. Please give your name, number, time you called, and reference ID or analysis number. An agent will return your phone call to help you access your benefits. Please remember all programs and benefits are time sensitive and need to be acquired and opened within five days of receiving your benefits statement or voucher.

17. On or about March 16, 2019, Plaintiff received another call on the same phone number from the telephone number (619) 312-4785. Extremely annoyed and frustrated with the daily bombardment, Plaintiff answered the call again.

18. After a long pause, an individual came on the line asking about mortgage refinancing and credit card consolidation. After a few questions, Plaintiff was transferred to "Yousuf" with "The Federal Savings Bank" in Scottsdale.

19. Plaintiff informed Yousuf that Plaintiff did not have any outstanding debt, mortgage, or credit card debt. Additionally, Plaintiff requested that Yousuf place Plaintiff on his Do Not Call list, and never call Plaintiff again.

20. Upon information and belief, the calls were sent at the direction of Federal Savings Bank to Plaintiff and several hundreds of other individuals nationwide within a short period of time.

21. Upon information and belief, the calls were sent by an agent or vendor hired by Federal Savings Bank who was acting under the direction and control of Federal Savings Bank for the financial benefit of Federal Savings Bank.

22. Upon information and belief, Federal Savings Bank instructed its agent as to the content of the prerecorded voice and timing of the sending of the calls, in an effort to increase the chance of reaching a consumer.

23. Upon information and belief, the calls were placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1),

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

1   using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. §

2   227(b)(1)(B).

3   24. Plaintiff has never given Federal Savings Bank express consent to call

4   Plaintiff's telephone using a prerecorded voice or otherwise.

5   25. Through Defendant's aforementioned conduct, Plaintiff suffered an

6   invasion of a legally protected interest in privacy, which is specifically

7   addressed and protected by the TCPA.

8   26. Defendant's calls forced Plaintiff and other similarly situated class

9   members to live without the utility of their telephone by occupying their

10   telephone with one or more unwanted calls, causing a nuisance and lost

11   time.

12   27. The telephone number Federal Savings Bank called was assigned to a

13   residential telephone line pursuant to 47 U.S.C. § 227(b)(1).

14   28. The calls to Plaintiff were not for emergency purposes as defined by 47

15   U.S.C. § 227(b)(1)(B).

16   29. Defendant's calls to Plaintiff's landline telephone numbers were unsolicited

17   by Plaintiff and were placed without Plaintiff's prior express consent.

18   **CLASS ACTION ALLEGATIONS**

19   30. Plaintiff bring this action on behalf of himself and on behalf of and Class

20   Members of the proposed Class pursuant to Federal Rules of Civil

21   Procedure 23(a) and (b)(3) and/or (b)(2).

22   31. Plaintiff proposes to represent the following Class consisting of and defined

23   as follows:

24
25   All persons within the United States who received a call
     from Defendant or its agent(s) and/or employee(s) using
26   an artificial or prerecorded voice, not for an emergency
     purpose, within the four years prior to the date of the
27   filing of this Complaint.

28

Case #                          **4 of 10**                  *Albrecht v. Federal Savings Bank*
                          **CLASS ACTION COMPLAINT**

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

32. Federal Savings Bank and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

33. Plaintiff and members of the Class were harmed by the acts of Federal Savings Bank in at least the following ways: Federal Savings Bank, either directly or through its agents, illegally contacted Plaintiff and the Class members using artificial or prerecorded voice messages, thereby invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

34. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserve the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

35. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Federal Savings Bank's records or Federal Savings Bank's agents' records.

36. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

  a. Whether during the proposed class period Federal Savings Bank or its agent(s) placed artificial or prerecorded voice messages to the Class (other than a message made for emergency purposes or made

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

with the prior express consent of the called party) to any telephone number assigned to a residential telephone service;

    b. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

    c. Whether Federal Savings Bank and its agents should be enjoined from engaging in such conduct in the future.

37. As a person that received at least one marketing call using an artificial or prerecorded voice message to his residential telephone line without Plaintiff's prior express written consent and for other than emergency purposes, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

38. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Federal Savings Bank' unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Federal Savings Bank will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

39. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

40. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Federal Savings Bank to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Federal Savings Bank is small because the maximum statutory damages in an individual action for violation of privacy are

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

1  minimal. Management of these claims is likely to present significantly
2  fewer difficulties than those presented in many class claims.

3  41. Federal Savings Bank has acted on grounds generally applicable to the
4  Class, thereby making appropriate final injunctive relief and corresponding
5  declaratory relief with respect to the Class as a whole.

### FIRST CAUSE OF ACTION
### NEGLIGENT VIOLATIONS OF THE
### TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227, *ET SEQ.*

42. Plaintiff incorporate by reference all of the above paragraphs of this
Complaint as though fully stated herein.

43. Federal Savings Bank's repeated calls in a span of several days to Plaintiff's
telephone without any prior express consent—and even with a prerecorded
voice—constitutes a negligent violation of the TCPA, including but not
limited to each and every one of the above-cited provisions of 47 U.S.C. §
227, *et seq*.

44. As a result of Federal Savings Bank' negligent violations of 47 U.S.C. §
227, *et seq*., Plaintiff and the Class are entitled to an award of $500.00 in
statutory damages, for each and every violation, pursuant to 47 U.S.C. §
227(b)(3)(B).

45. Plaintiff and the Class are also entitled to and seek injunctive relief
prohibiting such conduct in the future.

### SECOND CAUSE OF ACTION
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE
### TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227, *ET SEQ.*

46. Plaintiff incorporates by reference all of the above paragraphs of this
Complaint as though fully stated herein.

47. Federal Savings Bank made repeated telephone calls to Plaintiff's telephones without being in any business relationship or contract.

48. Some of these calls included an artificial or prerecorded voice.

49. Federal Savings Bank's actions constitute numerous and multiple knowing and/or willful violations of the TCPA, including, but not limited to, each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

50. As a result of Federal Savings Bank' knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and each of the Class members are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

51. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

52. Wherefore, Plaintiff respectfully request the Court to grant Plaintiff and the Class members the following relief against Federal Savings Bank:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227, *ET SEQ.*

- As a result of Federal Savings Bank's and Federal Savings Bank's agents' negligent violations of 47 U.S.C. § 227(b)(1)(B), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

- Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future;

- Costs of suit;

- Prejudgment interest;

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

- Reasonable attorneys' fees pursuant to, *inter alia*, the common fund doctrine;

- Any other relief the Court may deem just and proper.

## SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227, *ET SEQ.*

- As a result of Federal Savings Bank' willful and/or knowing violations of 47 U.S.C. § 227(b)(1)(B), Plaintiff seeks for herself and each Class member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future;

- Costs of suit;

- Prejudgment interest;

- Reasonable attorneys' fees pursuant to, *inter alia*, the common fund doctrine.

## TRIAL BY JURY

53. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff and the Class are entitled to, and demand, a trial by jury.

Dated: May 1, 2019

**KAZEROUNI LAW GROUP, APC**

BY: /S/ ABBAS KAZEROUNIAN
   Abbas Kazerounian, Esq.
   ak@kazlg.com
   *Attorneys for Plaintiff*

1

## **Additional Counsel for Plaintiff**

2

3
**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)

4
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101

5
San Diego, CA 92108-3551

6
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

7
*Attorneys for Plaintiff*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**KAZEROUNI LAW GROUP, APC**
**245 FISCHER AVENUE, UNIT D1**
**COSTA MESA, CA 92626**

| Case # | **10 of 10** | *Albrecht v. Federal Savings Bank* |

**CLASS ACTION COMPLAINT**