Jennifer N. Lutz, Esq. (SBN 190460)
JLutz@petitkohn.com
PETTIT KOHN INGRASSIA LUTZ & DOLIN PC
11622 El Camino Real, Suite 300
San Diego, CA 92130
Telephone: (858) 755-8500
Facsimile: (858) 755-8504

Ari Karen (*pro hac vice motion forthcoming*)
AKaren@offitkurman.com
OFFIT KURMAN, P.A.
4800 Montgomery Lane, 8th Floor
Bethesda, MD 20814
Telephone: (240) 507-1740
Facsimile: (267) 507-1735

John J. Allegretto (*pro hac vice motion forthcoming*)
JAllegretto@offitkurman.com
OFFIT KURMAN, P.A.
1801 Market Street, Suite 2300
Philadelphia, PA 19103
Telephone: (267) 338-1336
Facsimile: (267) 338-1335

**Attorneys for Defendant**
**NATIONAL BANCORP HOLDINGS, INC. d/b/a THE FEDERAL SAVINGS BANK**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PETER ALBRECHT, Individually And On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br>v.<br><br>NATIONAL BANCORP HOLDINGS, INC. d/b/a THE FEDERAL SAVINGS BANK,<br><br>Defendant. | CASE NO.: 8:19-cv-00810-DOC-JDE<br><br>**THIRD-PARTY COMPLAINT FOR DAMAGES BY NATIONAL BANCORP HOLDINGS, INC. d/b/a THE FEDERAL SAVINGS BANK AGAINST BEST RATE HOLDINGS, LLC d/b/a BEST RATE REFERRALS and FDE MARKETING GROUP, LLC**<br><br>Courtroom: 9D<br>District Judge: Hon. David O. Carter<br>Magistrate Judge: Hon. John D. Early<br>Complaint Filed: May 1, 2019<br>Trial Date: Not set |

1
THIRD-PARTY COMPLAINT BY NATIONAL BANCORP HOLDINGS, INC.
CASE NO. 8:19-cv-00810-DOC-JDE

| | |
|---|---|
| 1 | NATIONAL BANCORP HOLDINGS, INC. d/b/a THE FEDERAL SAVINGS BANK, |
| 2 | |
| 3 | Third-party Plaintiff, |
| 4 | v. |
| 5 | BEST RATE HOLDINGS, LLC, d/b/a BEST RATE REFERRALS, and FDE MARKETING GROUP, LLC |
| 6 | |
| 7 | Third-party Defendants. |

Defendant and Third-party Plaintiff National Bancorp Holdings, Inc. d/b/a The Federal Savings Bank ("TFSB"), through its undersigned counsel, hereby brings this action against Third-party Defendants, Best Rate Holdings, LLC d/b/a Best Rate Referrals ("Best Rate") and FDE Marketing Group, LLC ("FDE"), and avers as follows:

## INTRODUCTION

1. This Court has jurisdiction over this Third-Party Complaint by virtue of Federal Rules of Civil Procedure, rule 14.

2. Plaintiff, Peter Albrecht ("Plaintiff" or "Albrecht"), filed a Complaint on May 1, 2019, individually, and on behalf of others similarly situated, against Defendant and Third-party Plaintiff TFSB.

3. Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et. seq. ("TCPA").

4. Plaintiff seeks damages and injunctive relief against TFSB on two counts – Negligent Violations of the TCPA (Count 1) and Knowing and/or Willful Violations of the TCPA (Count 2).

5. Upon information and belief, Plaintiff is a resident of the State of California, residing in Orange County.

6. TFSB is a federally chartered financial institution. TFSB's parent entity, National Bancorp Holdings, Inc., is a corporation formed in Delaware.

1  TFSB has a principal place of business at 300 North Elizabeth Street, Suite 3E, Chicago, IL 60607.

7. Defendant Best Rate is a limited liability company formed in Delaware, with a principal place of business at 4800 140th Avenue North, Suite 101, Clearwater, FL 33762.

8. Upon information and belief, Best Rate is a wholly-owned subsidiary of Digital Media Solutions, LLC, which is a company formed in Delaware and sharing the same principal place of business as Best Rate.

9. Defendant FDE is a limited liability company formed in Florida, with a principal place of business at 1314 E. Las Olas Blvd, Fort Lauderdale, FL 33301.

## JURISDICTION & VENUE

10. Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. § 1331 as this matter presents a federal question and the claims arise under the laws of the United States.

11. Upon information and belief, Best Rate regularly conducts business in California.

12. Upon information and belief, FDE regularly conducts business in California.

13. A substantial part of the events or omissions giving rise to Plaintiff's Complaint allegedly occurred in Orange County, California.

## FACTUAL AVERMENTS COMMON TO ALL COUNTS

14. TFSB is a veteran-owned, federally charted bank.

15. In addition to offering banking services, TFSB is licensed to originate home loans in all 50 states.

16. TFSB markets its mortgage services through numerous methods and channels, including by purchasing mortgage customer leads.

17. Plaintiff alleges that TFSB contacted him on a landline telephone on March 13, 14, 15, and 16, 2019.

18. Plaintiff further alleges that his landline telephone number was previously placed on the National Do-Not-Call Registry.

19. A TFSB employee only spoke to Plaintiff once on March 16, 2019. During that telephone call, Plaintiff indicated that he did not want to be contacted by TFSB again.

20. TFSB did not, in fact, contact Plaintiff again.

21. TFSB did not actually place the telephone calls to Plaintiff on March 13, 14, 15, or 16, 2019. Each call was a live transfer lead call originated by FDE, or by an agent of FDE acting pursuant to FDE's express instructions.

22. At all relevant times, FDE represented to TFSB that all the live transfer leads were in compliance with all applicable federal and state statutes, including being scrubbed for TCPA compliance.

23. At all relevant times, TFSB reasonably relied on FDE's material representation that the live leads it purchased were in compliance with all applicable federal and state statutes, including being scrubbed for TCPA compliance.

24. Upon information and belief, FDE purchased consumer mortgage leads from Best Rate, including Plaintiff's information, for TFSB.

25. Upon information and belief, Best Rate collected Plaintiff's information either via its website, https://www.bestratereferrals.com/, or through a partner or affiliate website.

26. Upon information and belief, at all relevant times, Best Rate held out to FDE, TFSB, and to the public that the mortgage leads it was offering for sale were in compliance with all applicable federal and state statutes, including being scrubbed for TCPA compliance.

27. At all relevant times, FDE held out to TFSB that the live transfer telephone leads TFSB was purchasing were to be made in compliance with all applicable federal and state statutes, including the TCPA.

## COUNT I
### Breach of Express or Implied Contract
### (Against FDE)

28. Defendant and Third-party Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

29. At all relevant times, TFSB purchased live transfer leads from FDE pursuant to either an express contract and/or an implied contract established through the parties' verbal communications, conduct, and past performance.

30. The alleged telephone calls placed to Plaintiff in March 2019 were placed by FDE and/or an agent acting on FDE's behalf.

31. At all relevant times, FDE represented to TFSB that each and every live transfer lead that it sold to FDE was or would be made in compliance with the TCPA.

32. FDE's representation that its live transfer leads were in compliance with the TCPA was, at all relevant times, a material component of the contract between TFSB and FDE.

33. If Plaintiff succeeds on his allegation that the telephone calls allegedly placed to him in March 2019 violated the TCPA, then it must follow that FDE breached the express or implied contract between it and TFSB.

34. TFSB has sustained harm as a result of FDE's breach of the contract.

## COUNT II
### Breach of Express or Implied Contract
### (Against Best Rate)

35. Defendant and Third-party Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

36. At all relevant times, TFSB and/or FDE purchased consumer marketing leads from Best Rate pursuant to either an express contract and/or an implied contract established through the parties' verbal communications, conduct, and past performance.

///

37. Best Rate sold Plaintiff's consumer marketing information to TFSB and/or FDE.

38. The information purchased from Best Rate was used to make the alleged telephone calls placed to Plaintiff in March 2019.

39. At all relevant times, Best Rate represented to TFSB and/or FDE that each lead that it sold was in compliance with the TCPA.

40. Best Rate's representation that its leads were in compliance with the TCPA was, at all relevant times, a material component of the contract between Best Rate and TFSB and/or FDE.

41. If Plaintiff succeeds on his allegation that the telephone calls allegedly placed to him in March 2019 violated the TCPA, then it must follow that Best Rate breached the express or implied contract between it and TFSB.

42. TFSB has sustained harm as a result of Best Rate's breach of the contract.

## COUNT III
### Equitable Indemnification And / Or Contribution
### (Against Best Rate and FDE, in the Alternative to Counts I and II)

43. Defendant and Third-party Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

44. If Plaintiff succeeds on his allegations, it must follow that either Best Rate and/or FDE either intentionally or negligently misrepresented that the marketing leads they offered for sale were in compliance with all applicable federal and state statutes, including being scrubbed for TCPA compliance.

45. Because of Best Rate's and/or FDE's intentional or negligent misrepresentation, Best Rate and/or FDE has caused TFSB damage in an amount to be determined at the conclusion of Plaintiff's case.

///

///

///

46. Best Rate and/or FDE are entirely or substantially at fault for causing any harm to Plaintiff that is or may be attributed TFSB.

## PRAYER FOR RELIEF

WHEREFORE, Defendant and Third-party Plaintiff TFSB requests that the Court enter judgment and other relief against Best Rate and FDE as follows:

A. Judgment in the amount equal to all damages sustained by TFSB as a result of the Plaintiff's lawsuit;

B. Reasonable attorneys' fees and court costs;

C. Such other relief as the Court deems just and proper.

**PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**

Dated: July 5, 2019     By:   /s/Jennifer N. Lutz, Esq.
                              Jennifer N. Lutz, Esq.
                              Attorneys for Defendant
                              **NATIONAL BANCORP HOLDINGS, INC. d/b/a THE FEDERAL SAVINGS BANK**
                              jlutz@pettitkohn.com

### DEMAND FOR JURY TRIAL

Defendant and Third-party Plaintiff National Bancorp Holdings, Inc. d/b/a The Federal Savings Bank respectfully demands trial by jury for all claims that may be tried to a jury.

**PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**

Dated:  July 5, 2019     By:     /s/Jennifer N. Lutz, Esq.
Jennifer N. Lutz, Esq.
Attorneys for Defendant
**NATIONAL BANCORP HOLDINGS, INC. d/b/a THE FEDERAL SAVINGS BANK**
jlutz@pettitkohn.com