1    Mark E. Ellis - 127159
     Lawrence K. Iglesias - 303700
2    ELLIS LAW GROUP LLP
     1425 River Park Drive, Suite 400
3    Sacramento, CA  95815
     Tel: (916) 283-8820
4    Fax: (916) 283-8821
     mellis@ellislawgrp.com
5    liglesias@ellislawgrp.com

6    Attorneys for Third-Party Defendant BEST RATE HOLDINGS LLC D/B/A BEST
     RATE REFERRALS
7

8                        UNITED STATES DISTRICT COURT

9                       CENTRAL DISTRICT OF CALIFORNIA

10

11   PETER ALBRECHT, individually and
     on behalf of all others similarly          Case No. 8:19-cv-00810-DOC-JDE
12   situated,
                                                 *Honorable David O. Carter*
13                 Plaintiff,
                                                 **MEMORANDUM OF POINTS AND**
14         v.                                    **AUTHORITIES IN SUPPORT OF**
                                                 **BEST RATE HOLDINGS, LLC**
15   NATIONAL BANCORP HOLDINGS                   **D/B/A BEST RATE REFERRALS'**
     INC. d/b/a THE FEDERAL SAVINGS             **MOTION TO DISMISS THE**
16   BANK,                                       **FEDERAL SAVINGS BANK'S**
                                                 **THIRD-PARTY CLAIM**
17
18                 Defendant.                    **DATE: February 3, 2020**
                                                 **TIME: 8:30 a.m.**
19   NATIONAL BANCORP HOLDINGS                   **COURTROOM: 9D**
     INC. d/b/a THE FEDERAL SAVINGS             **JUDGE: HON. DAVID O. CARTER**
20   BANK,
21
                   Third-Party Plaintiff,
22                                               *First Amended Third-Party Complaint*
           v.                                    *Filed: November 11, 2019*
23
24   BEST RATE HOLDINGS, LLC d/b/a
     BEST RATE REFERRALS, and FDE
25   MARKETING GROUP, LLC,
26
27                 Third-Party
                   Defendants.
28

# TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT ..................................................................................................1

II.   UNDISPUTED FACTS ..........................................................................................................2

   A.  Facts Concerning General Jurisdiction ...............................................................2

   B.  Facts Concerning Specific Jurisdiction ...............................................................3

III.  LEGAL STANDARD ............................................................................................................4

IV.   ARGUMENT ........................................................................................................................4

   A.  TFSB Cannot Establish Personal Jurisdiction over Best Rate. .......................4

     1.   There is No Basis to Exercise General Personal Jurisdiction. ...................5

     2.   There is No Basis to Exercise Specific Personal Jurisdiction. ...................7

   B.  In the Event that the Court Declines to Dismiss the First Amended Third-Party Complaint, Best Rate Requests a Transfer to the U.S. District Court for the Middle District of Florida, Tampa Division. ..................................................................................................13

V.    CONCLUSION ....................................................................................................................13

TABLES

# TABLE OF AUTHORITIES

## Cases

*Bruni Media, LLC v. Aapm Media Grp., LLC*, 2018 U.S. Dist. LEXIS 223322, (C.D. Cal. Dec. 18, 2018) ...................................................... 9

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) ........................................ 10

*Calltek, Inc. v. Call Center Systems, LLC*, 2018 U.S. Dist. LEXIS 199004 (C.D. Cal. April 25, 2018) .................................................. 9

*CollegeSource, Inc. v. Acadamy One, Inc.*, 653 F.3d 1066, (9th Cir. 2011) .......................... 6

*Daimler AG v. Bauman*, 571 U.S. 117 (2014) ............................................... 4, 5

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011) .......................... 4, 5

*Int'l Shoe Co. v. Wash.*, 326 U.S. 310 (1945) ............................................... 7

*Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770 (1984) ........................................ 8

*Martinez v. Aero Caribbean*, 764 F.3d 1062 (9th Cir. 2014) ............................... 4, 5, 6

*Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218 (9th Cir. 2011) ......................... 6

*Pfister v. Selling Source, LLC*, 931 F. Supp.2d 1109 (D. Nev. 2013) ............................ 6

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2004) ......................... 4

*Terry Fabricant v. Goldwater Bank, N.A.*, No. 19 Civ. 00164 (C.D.Cal. Oct. 7, 2019) ..................... 11

*Trindade v. Reach Media Group, LLC*, 2013 U.S. Dist. LEXIS 107707 (N.D. Cal. July 31, 2013) ........ 9

*Walden v. Fiore*, 571 U.S. 277 (2014) ........................................................ 7

*Williams v. Yamaha Motor Co.*, 851 F.3d 1015 (9th Cir. 2017) ................................... 7

## Statutes

47 U.S.C. § 227 ........................................................................... 1

## Rules

Fed. R. Civ. P. 12(b)(2) ................................................................. 1, 4

# I.    PRELIMINARY STATEMENT

Pursuant to Fed. R. Civ. P. 12(b)(2), Third-Party Defendant Best Rate Holdings, LLC d/b/a Best Rate Referrals ("Best Rate"), respectfully submits this Memorandum in support of its Motion to Dismiss the First Amended Third-Party Complaint.

The individually named plaintiff, Peter Albrecht ("Albrecht" or "Plaintiff"), commenced this putative class action against Defendant/Third-Party Plaintiff National Bancorp Holdings, Inc. d/b/a The Federal Savings Bank ("TFSB"), asserting two claims for relief under the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). Pertinent to Best Rate's instant motion, Plaintiff alleges as a basis for personal jurisdiction in California that TFSB placed multiple calls to Plaintiff in California.  (FAC, Dkt. No. 58, ¶¶ 3-5, 7-8, 10-11, filed 10/28/19).

TFSB has brought third-party claims against Best Rate based on TFSB's alleged purchase of a lead from third-party defendant FDE Marketing Group, LLC ("FDE") which, according to the Third-Party Complaint, FDE acquired from Best Rate.  As a result thereof, and despite any direct relationship with Best Rate, TFSB asserts claims against Best Rate sounding in breach of contract, equitable indemnification, and contribution.

In its First Amended Third-Party Complaint, TFSB makes the conclusory statements: that (1) "Best Rate regularly conducts business in California" and that (2) "[a] substantial part of the events or omissions giving rise to Plaintiff's Complaint allegedly occurred in California." (First Amended Third-Party Complaint ("FATPC") ECF Doc. No. 61, ¶¶14-15, filed 11/11/19). Both statements are simply wrong. Best Rate never conducted *any* specific activities in California with respect to the purchase or sale of the subject lead. Moreover, Best Rate does not have sufficient contacts with California that would render it essentially "at home" in this jurisdiction.

Accordingly, there is no basis for the Court to assert personal jurisdiction over Best Rate and the First Amended Third-Party Complaint should be dismissed with prejudice.

## II.   UNDISPUTED FACTS

Plaintiff alleges that on March 13, 14, 15, and 16, 2019 defendant TFSB called his landline telephone number ending in "8750," which allegedly was on the National Do-Not-Call Registry. (Cmplt. ¶¶11-17). Plaintiff claims that these phone calls were placed in violation of the TCPA.  As a basis for personal jurisdiction, Plaintiff alleges that he is a resident of California, to which state TFSB allegedly made the calls, as well as the fact that TFSB allegedly regularly conducts business in the State. (Cmplt. ¶¶5-9).

TFSB has impleaded FDE alleging that each of the disputed calls to Plaintiff was a live transfer lead call originated by FDE, not TFSB. (FATPC, ¶37). Best Rate did not make the calls to Plaintiff nor sell the "Subject Lead" – a lead containing Plaintiff's information – to TFSB. Rather, TFSB impleaded Best Rate solely by virtue of its sale of the Subject Lead to FDE, a transaction which in no way touched California. (*Id.* at ¶40).

TSFB seeks to assert both (a) general and (b) specific jurisdiction over Best Rate, alleging that (1) a substantial part of the acts giving rise to the Complaint occurred in the Central District of California (*Id.* at ¶15); and (2) Best Rate regularly conducts business in California. (*Id.* at ¶14). As will be shown below, however, the foregoing assertions are misguided and incorrect.  Accordingly, there is no basis to assert either general or specific jurisdiction over Best Rate.

### A.   Facts Concerning General Jurisdiction

TFSB concedes that Best Rate is a Delaware company. (*Id.* at ¶7). Best Rate's principal place of business is in Clearwater Florida. (Declaration of Zachary South ("Z. South Decl." ¶3). Best Rate provides leads, that is: the names, telephone numbers, and email addresses of potential consumers – to Best Rate's clients. (*Id.* at ¶4). But Best Rate has never had any connection to California – it has no offices, staff, employees, property, or accounts in the State (*Id.* at ¶¶5-8); does not conduct any business in the State of California; has never registered to do business with California's Secretary of State; and has never paid any taxes to the State of California. (*Id.* at ¶¶9-10).

- 2 -

Best Rate's websites are directed to a national audience. (*Id.* at ¶12). They are in no way limited to California businesses or residents, and they do not target California businesses or residents by reason of their location. (*Id.*). Emblematic of this is the fact that in 2018, Best Rate made sales to clients in forty-two states in the U.S. and its sales to clients with California addresses accounted for slightly less than thirty percent of its total sales. (*Id.* at ¶13).

## B.    *Facts Concerning Specific Jurisdiction*

TFSB alleges that its principal place of business is in Chicago, Illinois. (FATPC, ¶6). TFSB alleges that FDE has its principal place of business in Fort Lauderdale, Florida. (*Id.* at ¶9). Lastly, TFSB alleges that Best Rate has its principal place of business in Clearwater, Florida. (*Id.* at ¶7).

As TFSB concedes, Best Rate had absolutely nothing to do with the telephone calls to Plaintiff in California. (*Id.* at ¶¶33-37). Rather, FDE contacted Plaintiff on numerous occasions, and TFSB contacted Plaintiff on at least one occasion. (*Id.*). TFSB similarly concedes that, with respect to the sale and purchase of Subject Lead, no direct relationship whatsoever existed between it and Best Rate. (*See* Third-Party Cmplt., Dkt No. 17, ¶24, filed 7/5/19) ("Upon information and belief, FDE purchased consumer mortgage leads from Best Rate, including Plaintiff's information, for TFSB."). Best Rate's sale of the Subject Lead to FDE was part of a single, bulk sale by Best Rate of 50,000 nationwide leads pursuant to an "insertion order" (invoice) between these two entities, to which TFSB was not a party. (Z. South Decl. ¶15; **Exhibit 2**, Insertion Order between Best Rate and FDE). The insertion order is the only signed agreement between Best Rate and FDE regarding the Subject Lead. (*Id.* at ¶20). There is <u>no</u> signed agreement between Best Rate and TFSB, let alone one concerning the Subject Lead. Neither TFSB nor FDE was Best Rate's agent. (*Id.* at 23). Consequently, assuming that an agreement existed between FDE and TFSB regarding the Subject Lead, Best Rate was not a party to it. (*Id.*). Finally, no

- 3 -

services were provided by Best Rate to either FDE or TFSB in connection with Best Rate's sale of the Subject Lead to FDE. (*Id.* at ¶¶16, 22).

## III.   LEGAL STANDARD

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2), the party seeking to invoke the federal court's personal jurisdiction bears the burden of demonstrating such jurisdiction. *See Martinez v. Aero Caribbean*, 764 F.3d 1062, 1066 (9th Cir. 2014). Where, as here, there is no applicable federal statute governing jurisdiction, the law of the state in which the district court sits is applied. *See id.*; Fed. R. Civ. P. 4(k)(1)(A). California's Long Arm statute, Cal. Civ. Proc. Code § 410.10, is coextensive with the federal requirements of due process. *Martinez*, 764 F.3d at 1066. Accordingly, the jurisdictional analysis under California law and federal due process are the same. *Id.*

## IV.   ARGUMENT

### A.   *TFSB Cannot Establish Personal Jurisdiction over Best Rate.*

There is simply no basis to exercise personal jurisdiction over Best Rate. General jurisdiction over a company is only appropriate when a company's contacts with the forum state "are so constant and pervasive as to render it essentially at home . . ." in the forum. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Specific jurisdiction, by contrast, relates to instances where the claim against a defendant arises out of its contact with the forum. *See Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). Defendant must have also purposefully availed itself of the privilege of conducting activities in the forum. *See Id.* at 128; *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). Here, TFSB cannot satisfy either basis for jurisdiction, and the First Amended Third-Party Complaint must therefore be dismissed with prejudice as to Best Rate.

////

- 4 -

1. **There is No Basis to Exercise General Personal Jurisdiction.**

A party seeking to exercise general jurisdiction over a defendant must satisfy the demanding standard set forth by the Supreme Court in *Daimler*. *See* 571 U.S. 117 (2014). For a corporation, the standard bases to exercise general jurisdiction are the place of incorporation or the principal place of business. *Id.* at 137. Apart from these grounds, general jurisdiction over a foreign corporation is only appropriate where its contacts with the forum state are so continuous and systematic "as to render [it] essentially at home in the forum State." *Id.* at 138 (internal quotations omitted) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

In *Daimler*, the Supreme Court held that the lower court in California could not assert general jurisdiction over DaimlerChrysler Aktiengesellschaft ("Daimler") in California. *See id.* at 139. Daimler was a German company that manufactured vehicles in Germany. Mercedes-Benz USA, LLC ("MBUSA") was an indirect Daimler subsidiary incorporated in Delaware with its principal place of business in New Jersey. *See id.* at 132. MBUSA distributed Daimler-manufactured vehicles to independent dealerships throughout the United States, including California, where ten percent of its U.S. sales occurred and where MBUSA had a regional office. The Court concluded that even if MBUSA's contacts were imputable to Daimler, there would still be no basis to subject Daimler to general jurisdiction in California, as that would necessarily mean that Daimler would also be subject to general jurisdiction in any other state where MBUSA has sizable sales. *Id.* at 139. The Court refused to allow such an "exorbitant exercise[] of all-purpose jurisdiction . . ." *Id.*

In *Martinez v. Aero Caribbean*, the Ninth Circuit applied the stringent test from *Daimler* and held that the district court lacked general jurisdiction over French defendant Avions de Transport Régional ("ATR"). *See Martinez*, 764 F.3d at 1062. After an airplane designed and manufactured by ATR crashed, the estates of four of those killed sued ATR in California, where three of the plaintiffs resided. *See id.* at 1065. ATR had no

- 5 -

employees, office, or physical presence in California, and it was not licensed to do business there. *See id.* at 1070. Accordingly, the plaintiffs relied upon ATR's contractual and business relationships to support general jurisdiction. ATR had contracts worth between $225 and $450 million to sell airplanes to California corporations; it also had contracts with eleven California component suppliers; ATR advertised in trade publications distributed in California; and ATR sent representatives to California to attend industry conferences, meet with suppliers, and promote their products. *See id.* at 1070. The Ninth Circuit found that these contacts were "plainly insufficient" to support general jurisdiction in California. Following the *Daimler* test, the Ninth Circuit emphasized that the paradigm of general jurisdiction over a corporation was its place of incorporation and principal place of business. *See id.* Because general jurisdiction would only otherwise be appropriate over a corporation in an "exceptional circumstance," the Ninth Circuit rejected the notion that general jurisdiction was appropriate even though ATR engaged in a substantial, continuing, and systematic course of business in California. *See id.* at 1070. Importantly, the court in *Martinez* also denied the plaintiff's request for additional jurisdictional discovery concerning ATR North America. Based on the existing jurisdictional facts, it was clear that "nothing plaintiff's counsel discover about ATR North America's contacts with California would make ATR 'essentially at home' in California. *See id.*

Similarly, operating and maintaining a website is insufficient to confer general jurisdiction. *See e.g., Pfister v. Selling Source, LLC*, 931 F. Supp.2d 1109 (D. Nev. 2013) (holding that lead generator's generation of leads through online submission forms and a server located in the forum did not confer general jurisdiction in TCPA class action); *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1226-27 (9th Cir. 2011) ("even a 'highly interactive website' – does not confer general jurisdiction"), *cert. denied*, 132 S.Ct. 1101 (2012); *CollegeSource, Inc. v. Acadamy One, Inc.*, 653 F.3d 1066, 1075-76 (9th Cir. 2011) (citations omitted) ("[i]f the maintenance of an interactive website were

- 6 -

sufficient to support general jurisdiction in every forum in which users interacted with the website, 'the eventual demise of all restrictions on the personal jurisdiction of state courts would be the inevitable result.'").

It is clear that Best Rate does not have sufficient contacts with California to render it essentially at home in the forum. *See e.g.*, *Martinez*, 764 F.3d at 1062. It is not incorporated in nor does it maintain a principal place of business in California. (Z. South Decl. ¶¶5-10). Indeed, it has no offices or employees in the State; it has never registered to do business in the State; and it has never paid taxes in the State. (*Id.* at ¶¶6-10). The mere fact that Best Rate sold the Subject Lead to FDE does not come close to satisfying the exacting standard required for this Court to assert personal jurisdiction over it. Moreover, jurisdictional discovery could not uncover any information or evidence that would change these core, undisputable facts.

**2.     There is No Basis to Exercise Specific Personal Jurisdiction.**

TFSB's entire basis for specific personal jurisdiction over Best Rate is that Best Rate sold a list of leads that included the contact information of Plaintiff – a California resident. This transaction, which took place between two out-of-state companies, is far from enough to confer personal jurisdiction over Best Rate. Accordingly, there is no specific personal jurisdiction over Best Rate and the First Amended Third-Party Complaint must be dismissed with prejudice.

For a court to assert specific personal jurisdiction over a non-resident defendant, the defendant must have sufficient minimum contacts with a jurisdiction so that maintenance of the suit does not offend traditional notions of fair play and substantial justice. *See Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1022 (9th Cir. 2017) (citing *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)). "The defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). The relationship between the defendant and the forum that gives rise to

- 7 -

the claim must arise from contacts that the defendant, itself, creates with the forum. *See id.*

A court may only exercise specific jurisdiction over a non-resident defendant when each of three requirements are met:

> (1) the defendant either "purposefully direct[s]" its activities or "purposefully avails" itself of the benefits afforded by the forum's laws; (2) the claim "arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction [] comport[s] with fair play and substantial justice, i.e., it [is] reasonable."

*Yamaha* 851 F.3d at 1023 (citations omitted).

The concepts of purposeful availment and purposeful direction discussed in the first prong are distinct concepts. *See Schwarzenegger*, 374 F.3d at 802. Purposeful availment, which is employed in contract cases, typically involves evidence of the defendant's actions in the forum, such as executing or performing a contract. *See id.* By taking those actions, courts find that defendants purposefully availed themselves of the benefits of a state's laws, and must therefore be expected to submit to jurisdiction. *See id.* By contrast, a showing that a defendant "purposefully directed" his conduct toward a state is more common in tort cases and generally consists of evidence that the defendant's action outside the forum were directed at the forum, *e.g.*, distributing foreign made goods within the state. *See id.* at 803; *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774-75 (1984) (finding purposeful direction where defendant published magazines in Ohio and distributed them in a different forum state).

Here, there is no cognizable argument that the third-party claims against Best Rate would sound in tort – it owed no duty of care to TFSB. As such, the purposeful availment analysis is applicable to this contract case. *See Schwarzenegger*, 374 F.3d at 802. TFSB's first third-party claim against Best Rate expressly sounds in contract – "Count Two – Breach of Express or Implied Contract." (FATPC, ¶¶55-62).[1] TFSB brings "Count

---

[1] Count One of the First Amended Third-Party Complaint relates only to FDE. (FATPC, ¶¶48-54).

- 8 -

[Three] - Equitable Indemnification and/or Contribution" in the alternative to Count Two. (FATPC, ¶¶63-66). Both of these claims directly implicate purported contractual obligations. *See Bruni Media, LLC v. Aapm Media Grp., LLC*, 2018 U.S. Dist. LEXIS 223322, *10 (C.D. Cal. Dec. 18, 2018) (plaintiff's fraud, misrepresentation, and unfair business practice claims sounded in contract, so the purposeful availment test applied); *Calltek, Inc. v. Call Center Systems, LLC*, 2018 U.S. Dist. LEXIS 199004, *12 (C.D. Cal. April 25, 2018) (applying the purposeful availment test because the case as a whole sounded in contract – plaintiff's fraud and conversion claims arose out of the defendant's conduct in creating and performing the contracts at issue).

Because there is no conceivable view of the facts in which Best Rate purposefully availed itself of California, the first prong of the analysis is not satisfied, and this Court lacks specific personal jurisdiction over Best Rate. Best Rate did not engage in any conduct or activities within the forum of California. TFSB does not allege that Best Rate conducted *any* business within the State of California related to this action or even that Best Rate took any action towards California related to this case. The only basis that TFSB feigns to assert as the basis for jurisdiction over Best Rate is the sale of the Subject Lead. (FATPC, ¶27). Best Rate's sale of the Subject Lead to FDE, however, had nothing to do with California. Best Rate, a Delaware Company with a principal place of business in Florida, sold a package containing leads from across the country to the Maryland branch of FDE, a Florida company. (FATPC, ¶¶6-9, 27). *See Trindade v. Reach Media Group, LLC*, 2013 U.S. Dist. LEXIS 107707, *22 (N.D. Cal. July 31, 2013) (in TCPA class action, dismissing third-party complaint as to online publisher, who established that it had no business interests in California where pleading mentioned nothing about it engaging in any business in California).

In addition to the foregoing, the second prong of the specific jurisdiction analysis is similarly not satisfied. TFSB's third-party claims against Best Rate did not arise out of any forum-related activity attributable to Best Rate. No such forum-related activities

- 9 -

exist. Rather, TFSB incorrectly and baselessly alleges that, "upon information and belief . . . Best Rate held out to FDE [and] TFSB . . . that the mortgage leads it was offering for sale [were] scrubbed for TCPA compliance. (FATPC, ¶46). This allegation is discredited by TFSB's own pleading, which clearly alleges that FDE (not TFSB) purchased the Subject Lead from Best Rate. (*Id.*, ¶ 40). Regarding the Subject Lead, Best Rate *only* had a business relationship with FDE. (Z. South Decl., ¶¶15, 20-24; **Exh. 2**). Moreover, the insertion order for the sale of the leads containing the Subject Lead does not contain any representations regarding TCPA compliance. (*Id.*).

The relationship between the defendant and the forum which purportedly gives rise to a claim must arise from contacts that the defendant, itself, creates with the forum in order to justify asserting specific jurisdiction over an out-of-state defendant. *See Walden*, 571 U.S. at 284 (denying specific jurisdiction because the petitioner's action in Georgia did not create sufficient contacts with Nevada "simply because he allegedly directed his conduct at plaintiffs whom he knew had Nevada connections"). The plaintiff (or third-party plaintiff) cannot be the only link between the third-party defendant and forum. *See id.* at 285; *id.* at 290 ("[M]ere injury to a forum resident is not a sufficient connection to the forum."). Lastly, due process does not allow a defendant to be hauled into a forum merely due to "random, fortuitous, or attenuated" contacts he makes by interacting with people affiliated with the forum. *See id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). Irrespective of TFSB's straw-grasping allegations, the bottom line is that TFSB does not allege that Best Rate conducted *any* business within the State of California related to the third-party claims asserted against it is or even that Best Rate took any action towards California related to this case. In the light most generous to TSFB, the third-party claims against Best Rate arise from Best Rate's bulk sale of leads from its Florida office to FDE's Maryland branch. (Z. South Decl., ¶15; **Exh. 2**). This transaction has nothing to do with California and it cannot be said that Best Rate engaged in any forum-related activities that could justify an exercise of specific jurisdiction.

- 10 -

The instant case is virtually identical to a recent case brought against Best Rate in this District in which Judge Fischer dismissed third party claims for lack of specific personal jurisdiction over Best Rate. *See Terry Fabricant v. Goldwater Bank, N.A.,* No. 19 Civ. 00164 (C.D.Cal. Oct. 7, 2019).[2]   In *Fabricant*, plaintiff commenced an action against Goldwater Bank, N.A. ("Goldwater") for alleged violations of the TCPA. *See* Order Granting Mot. To Dismiss Third-Party Complaint, ECF No. 48, No. 19 Civ. 00164, (C.D.C.A July 16, 2019).   Goldwater attempted to implead Best Rate on the basis that Best Rate had sold it the lead containing plaintiff's contact information. *See id.* Best Rate moved to dismiss the third-party complaint for lack of personal jurisdiction. In the order granting Best Rate's motion, Judge Fischer explained that the transaction involving the sale of the lead from Best Rate to Goldwater did not involve "'continuing and wide-reaching contacts in California." *See id.* Neither Best Rate nor Goldwater are California companies. Accordingly, Judge Fischer concluded that because Best Rate's actions were not "aimed at California," the Court could not assert specific personal jurisdiction over Best Rate. *See id.*

Where Best Rate's purported contacts with California were too attenuated to justify an exercise of jurisdiction over it in the *Fabricant* matter, an application of jurisdiction with respect to TSFB's third-party claims would be even more improper. Best Rate is actually one step further removed from the forum in the instant matter, owing to the fact that it did not sell the Subject Lead to the third-party plaintiff, in contrast to facts in *Fabricant*.  However, the other jurisdictional-related facts are identical; Best Rate neither created nor maintained any contacts with California concerning the sale of the Subject Lead. Like in *Fabricant*, the sale of the lead was part of a bulk sale of thousands of nationwide leads – the performance of which took place in Clearwater, Florida. (Z. South

---

[2] Judge Fischer noted that there "was no colorable argument for general personal jurisdiction over Best Rate" in the Central District of California. *See* Order Granting Mot. To Dismiss Third-Party Complaint, ECF No. 48, No. 19 Civ. 00164, n.1 (C.D.C.A July 16, 2019).

Decl., **Exh. 2**). It is inappropriate for TFSB to attempt to hale Best Rate into California merely because Albrecht sued TFSB in California.  A call placed to Albrecht allegedly by or on behalf of TFSB cannot be the link that confers jurisdiction over Best Rate. Best Rate's sale of the Subject Lead to FDE does not constitute California-related activity. To base jurisdiction solely on the possibility that 1) FDE would call a California resident or 2) FDE would sell the subject lead to yet another entity (TFSB), who would contact a California resident would not satisfy the necessary minimum contacts to justify personal jurisdiction over Best Rate.

It would fly in the face of fair play and substantial justice and violate Best Rate's right to due process to assert personal jurisdiction over it in California given the substantial burden Best Rate would face if it were forced to defend itself here. All of Best Rate's employees, all documentation relating to the sale of the Subject Lead, and all information relating to its business operations, generally, resides in Clearwater, Florida. (Z. South Decl. ¶28). To have to defend these third-party claims during a trial taking place across the country from Best Rate's home State of Florida would impose additional, unnecessary legal fees and out-of-pocket costs, such as travel and accommodations. (Z. South Decl. ¶29). It would also inconvenience the Best Rate witnesses themselves, all of whom reside in the State of Florida. (*Id.*). Accordingly, the exercise of specific jurisdiction over Best Rate in these circumstances would be completely improper.

In view of the foregoing, Best Rate is entitled to dismissal of the third-party complaint for lack of personal jurisdiction. Insomuch as the foregoing dispositive facts regarding the absence of jurisdiction are immutable, no valid purpose would be served by permitting jurisdictional discovery. Any request in opposition to this motion should be denied.

////

////

////

- 12 -

**B.**   ***In the Event that the Court Declines to Dismiss the First Amended Third-Party Complaint, Best Rate Requests a Transfer to the U.S. District Court for the Middle District of Florida, Tampa Division.***

As established by the foregoing, not only is there no basis to exercise personal jurisdiction over Best Rate, but there is no circumstance under which TFSB can establish that person jurisdiction in California over Best Rate would be proper with respect to its third-party claims against it. Accordingly, the third-party complaint should be dismissed with prejudice. However, in the event that the Court declines to dismiss the third-party complaint, Best Rate requests a transfer of the third-party action to the U.S. District Court of the Middle District of Florida, Tampa Division.[3]

## V.   CONCLUSION

For the foregoing reasons, Best Rate respectfully requests that this Court grant its motion.

Dated: January 3, 2020

ELLIS LAW GROUP LLP

By:  _/s/ Lawrence K. Iglesias_
Attorneys for Third-Party Defendant
Best Rate Holdings, LLC

---

[3] The Tampa Division Courthouse is closet to Best Rate's headquarters in Clearwater, Florida.

- 13 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

I, Jan Hyde, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause.  My business address is 1425 River Park Drive, Suite 400, Sacramento, CA 95815.

On January 3, 2020, I served the following document(s) on the parties in the within action:

**BEST RATE HOLDINGS, LLC D/B/A BEST RATE REFERRALS' MOTION TO DISMISS THE FEDERAL SAVINGS BANK'S FIRST AMENDED THIRD PARTY CLAIM**

| | | |
|---|---|---|
| | **VIA ELECTRONIC SERVICE**:  The above-described document(s) will be delivered electronically through the Court's ECF/PACER electronic filing system, as stipulated by all parties to constitute personal service, to the following: | |
| X | **BY MAIL:** I am familiar with the business practice for collection and processing of mail.  The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at Sacramento, CA on this date, addressed as follows: | |
| | **BY HAND**:  The above-described document(s) will be placed in a sealed envelope which will be hand-delivered on this same date by _____, addressed as follows: | |
| | **VIA FACSIMILE**:  The above-described document(s) was transmitted via facsimile from the fax number shown on the attached facsimile report, at the time shown on the attached facsimile report, and the attached facsimile report reported no error in transmission and was properly issued from the transmitting facsimile machine, and a copy of same was mailed, on this same date to the following: | |
| | **VIA OVERNIGHT SERVICE**:  The above-described document(s) will be delivered by overnight service, to the following: | |

| | |
|---|---|
| Jennifer N. Lutz<br>Shelby Mae Harris<br>Pettit Kohn ingrassia Lutz & Dolin<br>11622 El Camino Real<br>Suite 300<br>San Diego, CA 92130 | Attorneys for<br>National Bancorp Holdings, Inc. dba The Federal Savings Bank |
| | |

- 14 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF BEST RATE HOLDINGS, LLC D/B/A BEST RATE REFERRALS' MOTION TO DISMISS THE FEDERAL SAVINGS BANK'S FIRST AMENDED THIRD-PARTY CLAIM

| Ari Karen<br>Offit Kurman, P.A.<br>4800 Montgomery Lane, 8th Floor<br>Bethesda, MD 20814 | Attorneys for<br>National Bancorp Holdings, Inc. dba The Federal Savings Bank |
|---|---|
| John J. Allegretto<br>Offit Kurman, P.A.<br>1801 Market Street<br>Suite 2300<br>Philadelphia, PA 19103 | Attorneys for<br>National Bancorp Holdings, Inc. dba The Federal Savings Bank |
| Nicholas Barthel<br>Abbas Kazerounian<br>Mohammad R. Kazerouni<br>Kazerouni Law Group, APC<br>245 Fischer Avenue<br>Suite D1<br>Costa Mesa, CA  92626 | Attorneys for<br>Peter Albrecht |
| Scott L. Menger<br>Carlton Fields, LLP<br>2029 Century Park East<br>Suite 1200<br>Los Angeles, CA 90067 | Attorneys for<br>FDE Marketing Group |
| Jason A. Ibey<br>Kazerouni Law Group APC<br>321 North Mall Drive<br>Suite R108<br>St. George, UT  84790 | Attorneys for<br>Peter Albrecht |
| Aaron S. Weisss<br>Carlton Fields PA<br>100 SE Second Street<br>Suite 4200<br>Miami, FL  33131 | Attorneys for<br>FDE Marketing Group |

/ / /

/ / /

- 15 -

I declare under penalty of perjury under the laws of the United States of America that the foregoing is a true and correct statement and that this Certificate was executed on January 3, 2020.

By _____
Jan Hyde

- 16 -