**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**PETER ALBRECHT, Individually and On Behalf of All Others Similarly Situated,**

**Plaintiff,**

**v.**

**NATIONAL BANCORP HOLDINGS, INC. d/b/a THE FEDERAL SAVINGS BANK, and FDE MARKETING GROUP, LLC**

**Defendants.**

---

**NATIONAL BANCORP HOLDINGS, INC. d/b/a THE FEDERAL SAVINGS BANK,**

**Third-party Plaintiff,**

**v.**

**BEST RATE HOLDINGS, LLC, d/b/a BEST RATE REFERRALS, and FDE MARKETING GROUP, LLC,**

**Third-party Defendants.**

**CASE NO. 8:19-cv-00810-DOC-JDE**

**SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *ET SEQ.***

**JURY TRIAL DEMANDED**

**FDE MARKETING GROUP, LLC,**

**Third-Party Plaintiff,**

**v.**

**BEST RATE HOLDINGS, LLC, d/b/a BEST RATE REFERRALS; ADMK AGENCY, LLC, a Wyoming limited liability company,**

**Third-Party Defendants.**

## INTRODUCTION

1. PETER ALBRECHT ("Plaintiff" or "Mr. Albrecht") brings this Second Amended Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of defendant NATIONAL BANCORP HOLDINGS, INC. d/b/a THE FEDERAL SAVINGS BANK ("Federal Savings Bank") and FDE MARKETING GROUP, LLC ("FDE", or collectively "Defendants"), in negligently and/or willfully contacting Plaintiff on Plaintiff's landline telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*., ("TCPA"), thereby invading Plaintiff's privacy.
2. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. §§ 227(b) and (c).
4. Venue is proper in the United States District Court for the Central District of

California pursuant to 18 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred within this district, as Plaintiff received several allegedly unlawful calls while residing in the County of Orange within the State of California.

5. Federal Savings Bank is subject to personal jurisdiction in the County of Orange, State of California, as Federal Savings Bank regularly conducts business throughout the State of California; and Federal Savings Bank purposefully availed itself to California by having several calls placed to Plaintiff, who has a California area code assigned to the residential telephone line called by Federal Savings Bank's authorized agent/s.

6. FDE is subject to personal jurisdiction in the County of Orange, State of California, as FDE regularly conducts business throughout the State of California; and FDE purposefully availed itself to California by placing, for and on behalf of Federal Savings Bank, several calls to Plaintiff, who has a California area code assigned to the residential telephone line.

## PARTIES

7. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of California. Plaintiff is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153(39).

8. Plaintiff is informed and believes, and thereon alleges, that Federal Savings Bank is a corporation whose corporate headquarters is in Illinois, and is incorporated within Delaware.

9. Plaintiff is informed and believes, and thereon alleges, that FDE is a limited liability company formed in Florida, with a principal place of business in Florida.

10. Defendants, are and at all times mentioned herein were a "person," as defined by 47 U.S.C. § 153(39).

11. Plaintiff alleges that at all times relevant herein Defendants conducted

business in the State of California and in the County of Orange, and within this judicial district.

## FACTUAL ALLEGATIONS

12. Mr. Albrecht has never had any business relationship with Defendants.

13. Mr. Albrecht's landline telephone number ending "8750" was added to the National Do-Not-Call Registry on or about June 29, 2003.

14. On or about March 13, 2019 at approximately 10:48 AM, Plaintiff received a call on his landline telephone number ending "8750" from the telephone number (619) 312-4785. Plaintiff did not recognize the telephone number and therefore did not answer the call.

15. On or about March 14, 2019 at approximately 9:14 AM, Plaintiff received another call on the same phone number from the telephone number (619) 312-4785. Again, as Plaintiff did not recognize the telephone number, he did not answer.

16. On or about March 15, 2019 at approximately 9:48 AM, Plaintiff received another call on the same phone number from the telephone number (619) 312-4785. Frustrated at having receiving repeated calls from that telephone number, Plaintiff answered the call.

17. Plaintiff was greeted with a prerecorded voice stating:

> You have reached the program assistance department. You have called us when all operators are currently assisting other people. Please give your name, number, time you called, and reference ID or analysis number. An agent will return your phone call to help you access your benefits. Please remember all programs and benefits are time sensitive and need to be acquired and opened within five days of receiving your benefits statement or voucher.

18. That call lasted approximately 30 seconds.

19. On or about March 16, 2019, Plaintiff received another call on the same

phone number from the telephone number (619) 312-4785. Extremely annoyed and frustrated with the daily bombardment, Plaintiff answered the call again.

20. After a long pause, an individual came on the line asking about mortgage refinancing and credit card consolidation. After a few questions, Plaintiff was transferred to "Yousuf" with "The Federal Savings Bank" in Scottsdale.

21. Plaintiff informed Yousuf that Plaintiff did not have any outstanding debt, mortgage, or credit card debt. Additionally, Plaintiff requested that Yousuf place Plaintiff on his Do Not Call list, and never call Plaintiff again.

22. That call lasted approximately 7 minutes and 29 seconds.

23. Upon information and belief, the calls were placed from FDE to Plaintiff and several hundreds of other individuals nationwide within a short period of time.

24. Upon information and belief, FDE was acting under the direction and control of Federal Savings Bank for the financial benefit of Federal Savings Bank.

25. Upon information and belief, Federal Savings Bank instructed FDE as to the content of the prerecorded voice and timing of the sending of the calls, in an effort to increase the chance of reaching a consumer for marketing purposes.

26. Upon information and belief, the calls were placed with an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(B).

27. Plaintiff has never given Federal Savings Bank or FDE express consent to call Plaintiff's telephone using a prerecorded voice or otherwise.

28. Upon information and belief, FDE marketing purchased all of its leads in bulk.

29. Through Defendants' aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

30. Defendants' calls forced Plaintiff and other similarly situated class members

to live without the utility of their telephone by occupying their telephone with one or more unwanted calls, causing a nuisance and lost time.

31. The telephone number Federal Savings Bank called was assigned to a residential telephone line pursuant to 47 U.S.C. § 227(b)(1).

32. The calls to Plaintiff were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(B).

33. Defendants' calls to Plaintiff's landline telephone numbers were unsolicited by Plaintiff and were placed without Plaintiff's prior express written consent.

34. Upon information and belief, Defendants' obtained Plaintiff's telephone number from a third party and called that telephone number without first checking the National Do-Not-Call Registry for a list of telephone numbers of persons who have expressed they do not want to receive telemarketing communications on their telephone.

35. Upon information and belief, Defendants failed to establish or implement reasonable policies and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 C.F.R. § 64.1200(c).

## CLASS ACTION ALLEGATIONS

36. Plaintiff bring this action on behalf of himself and on behalf of Members of the proposed Classes pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) and/or (b)(2).

37. Plaintiff proposes to represent the following Automated Call Class consisting of and defined as follows:

> All persons within the United States who received a call from Defendants, or their agent(s) and/or employee(s), using an artificial or prerecorded voice, not for an

> emergency purpose, between May 1, 2014 and May 1, 2019.

38. Plaintiff also proposes to represent the following National Do-Not-Call Registry Class consisting of and defined as follows:

> All persons within the United States whose telephone numbers were registered on the National Do-Not-Call Registry for at least 30 days, who received more than one call made by Defendants, or their agent(s) and/or employee(s), to promote a product or service, within any twelve-month period, between May 1, 2014 and May 1, 2019.

39. The Automated Call Class and the National Do-Not-Call Registry Class together are referred to as the Classes.

40. Defendants and their employees or agents are excluded from the Classes. Plaintiff does not know the number of members in the Classes, but believes the Class members number in the several thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

41. Plaintiff and members of the Automated Call Class were harmed by the acts of Defendants in at least the following ways: Defendants illegally contacted Plaintiff and the Class members using artificial or prerecorded voice messages, thereby invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

42. Plaintiff and members of the National Do-Not-Call Registry Class were harmed by the acts of Defendants in at least the following ways: Defendants illegally contacted Plaintiff and the Class members multiple times on their telephones for marketing purposes, despite those telephone numbers having

been placed on the National Do-Not-Call Registry for at least 30 days, thereby invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

43. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Classes and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserve the right to expand the Class definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

44. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. Upon information and belief, the Classes can be identified through Federal Savings Bank's records or FDE's records.

45. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Classes predominate over questions which may affect individual Class members, including the following:

a. Whether during the proposed class period Federal Savings Bank or FDE placed artificial or prerecorded voice messages to the Class (other than a message made for emergency purposes and made without the prior express consent of the called party) to any telephone number assigned to a residential telephone service or cellular telephone service;
b. Whether the calls were placed for telemarketing purposes;
c. Whether Plaintiff and the Class members had their telephone numbers registered on the National Do-Not-Call Registry for at least 30 days;
d. Whether the Plaintiff and the Class members has any established business relationship with Defendants prior the calls;

e. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

f. Whether Federal Savings Bank and FDE should be enjoined from engaging in such conduct in the future.

46. As a person that received at least one marketing call using an artificial or prerecorded voice message to his residential telephone line without Plaintiff's prior express written consent and for other than emergency purposes, Plaintiff is asserting claims that are typical of the Classes. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

47. Plaintiff and the members of the Classes have all suffered irreparable harm as a result of the Defendants' unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

48. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

49. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

50. Defendants have acted on grounds generally applicable to the Classes,

thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Classes as a whole.

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE**
**TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227(b)**

51. Plaintiff incorporate by reference all of the above paragraphs of this First Amended Complaint as though fully stated herein.

52. Defendants' repeated calls in a span of several days to Plaintiff's telephone without any prior express consent—and even with an artificial or prerecorded voice—constitutes a negligent violation of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*.

53. As a result of Defendants' negligent violations of 47 U.S.C. § 227, *et seq*., Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

54. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**SECOND CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE**
**TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227(b)**

55. Plaintiff incorporates by reference all of the above paragraphs of this First Amended Complaint as though fully stated herein.

56. Defendants made repeated telephone calls to Plaintiff's telephones without being in any business relationship or contract.

57. Some of these calls included an artificial or prerecorded voice.

58. Defendants' actions constitute numerous and multiple knowing and/or

willful violations of the TCPA, including, but not limited to, each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*.

59. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227, *et seq*., Plaintiff and each of the Class members are entitled to treble damages, as provided by statute, of $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

60. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**THIRD CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE**
**TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227(c)**

61. Plaintiff incorporate by reference all of the above paragraphs of this First Amended Complaint as though fully stated herein.

62. Defendants' actions constitute numerous and multiple negligent violations of the TCPA, including, but not limited to, each and every one of the above-cited provisions of 47 U.S.C. § 227(c).

63. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227(c), Plaintiff and each of the National Do-Not-Call Registry Class members are entitled to damages, as provided by statute, up to $500.00, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c).

64. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(c)(5)(A).

**FOURTH CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227(c)**

65. Plaintiff incorporates by reference all of the above paragraphs of this First Amended Complaint as though fully stated herein.

66. Defendants made repeated telephone calls to Plaintiff's telephones without being in any business relationship or contract, for telemarketing marketing purposes.

67. Defendants' actions constitute numerous and multiple knowing and/or willful violations of the TCPA, including, but not limited to, each and every one of the above-cited provisions of 47 U.S.C. § 227(c).

68. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227(c), Plaintiff and each of the National Do-Not-Call Registry Class members are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c).

69. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(c)(5)(A).

**PRAYER FOR RELIEF**

70. Wherefore, Plaintiff respectfully request the Court to grant Plaintiff and the Class members the following relief against Federal Savings Bank and FDE Marketing Group, and each of them:

**FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)**

- As a result of Defendants' negligent violations of 47 U.S.C. §

227(b)(1)(B), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

- Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future;
- Costs of suit;
- Prejudgment interest;
- Reasonable attorneys' fees pursuant to, *inter alia*, the common fund doctrine;
- Any other relief the Court may deem just and proper.

**SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)**

- As a result of Defendants' willful and/or knowing violations of 47 U.S.C. § 227(b)(1)(B), Plaintiff seeks for himself and each Class member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future;
- Costs of suit;
- Prejudgment interest;
- Reasonable attorneys' fees pursuant to, *inter alia*, the common fund doctrine.

**THIRD CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227(c)**

- As a result of Defendants' negligent violations of 47 U.S.C. § 227(c), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c);
- Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future;
- Costs of suit;
- Prejudgment interest;
- Reasonable attorneys' fees pursuant to, *inter alia*, the common fund doctrine;
- Any other relief the Court may deem just and proper.

**FOURTH CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227(c)**

- As a result of Defendants' willful and/or knowing violations of 47 U.S.C. § 227(c), Plaintiff seeks for himself and each Class member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c);
- Pursuant to 47 U.S.C. § 227(c)(5)(A), injunctive relief prohibiting such conduct in the future;
- Costs of suit;
- Prejudgment interest;
- Reasonable attorneys' fees pursuant to, *inter alia*, the common fund doctrine.

**TRIAL BY JURY**

71. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff and the Classes are entitled to, and demand, a trial by jury.

Dated: February 6, 2020

**KAZEROUNI LAW GROUP, APC**

By /s/ Abbas Kazerounian
Abbas Kazerounian, Esq.
Attorneys for Plaintiff,
Peter Albrecht

**KAZEROUNI LAW GROUP, APC**
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
321 N Mall Drive, Suite R108
St. George, Utah 84790
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**KAZEROUNI LAW GROUP, APC**
Nicholas R. Barthel, Esq. (SBN: 319105)
nicholas@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Additional Counsel for Plaintiff*